LC

RECEIVED

MAY 0 7 2003

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAY 1 9 2003

ROBERT H. SHEMWELL, CLERK
BY _____
                        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| MICHAEL T. DIAMOND, BRIAN DIAMOND, and BRAD DIAMOND, Individually and on behalf of MICHAEL A. DIAMOND, deceased | C.A. NO.: CV-03-0564 |
| | JUDGE: TRIMBLE |
| v. | |
| IMMUNEX CORPORATION, AMGEN, INC. WYETH, WYETH-AYERST LABORATORIES CO. AND/OR AMERICAN HOME PRODUCTS SUBSIDIARY HOLDING CORPORATION | MAGISTRATE: WILSON |

## SECOND AMENDING AND SUPPLEMENTAL COMPLAINT

NOW INTO COURT, through undersigned counsel, come Complainants, who desire to amend their Petition for Damages that was filed in Louisiana State Court on December 5, 2002, and which was removed to this Honorable Court on March 25, 2003. Leave of court is required to file this Second Amending and Supplemental Complaint because some of the Defendants have answered the allegations set forth in the original Petition for Damages and the First Amending and Supplemental Complaint.

Complainants respectfully aver as follows:

1.

Complainants re-aver and re-allege all allegations in paragraphs 1 through 24 of their original Petition for Damages as if plead herein *in extenso*.



1

2.

Complainants hereby substitute paragraphs 25 through 35 of their original Petition for Damages as follows:

25.

Defendants advertised, marketed, promoted, and distributed the drug, Enbrel®, as being safe and effective in the treatment of rheumatoid arthritis. Yet, Defendants knew or should have known that Enbrel® had been related to and associated with severe and life-threatening complications and side-effects, including, but not limited to, heart failure, serious infections, including sepsis, organ failure, gastrointestinal hemorrhage, neurological disorders, depression, pulmonary embolism, and deep vein thrombosis.

26.

Defendants failed to take immediate and direct measures to ensure that the end-user of the drug, Enbrel®, and/or health care providers were fully and adequately apprised of the risk of Enbrel®.

27.

As a result of Defendants' conduct, the decedent, Michael A. Diamond, suffered injuries, death and damages.

28.

Accordingly, Defendants are liable unto Complainants under the Louisiana Products Liability Act, La. R.S. 9:2800.51 et seq. and under the principles of redhibition La. Civ. Code arts. 2520 et seq.

29.

Under the Louisiana Products Liability Act, La. R.S. 9:2800.53, Defendants, either collectively or individually, are "manufacturers" of the drug, Enbrel®, which was ingested by the decedent, Michael Diamond, because they "manufactured a product" by producing, making, fabricating, constructing, designing, remanufacturing, reconditioning and/or refurbishing the drug, Enbrel®.

30.

Under the Products Liability Act, La. R.S. 9:2800.53, Defendants, either collectively or individually, are "manufacturers" of the drug, Enbrel ®, which was ingested by the decedent, Michael Diamond, because: (a) they acted as an entity which labeled a product as its own or which otherwise held itself out to be the manufacturer of the product; (b) they acted as a seller of a product which exercised control over or influenced a characteristic of the design, construction or quality of the drug, Enbrel®; (c) they acted as a manufacturer of a product which incorporated into Enbrel® a component or part manufactured by another manufacturer; and/or (d) they acted as a seller of a product of an alien manufacturer if the seller is in the business of importing or distributing the product for resale and the seller is the alter ego of the alien manufacturer.

31.

Under the Louisiana Products Liability Act, La. R.S. 9:2800.51 et seq., the drug, Enbrel®, caused damage to and ultimately death to Michael A. Diamond because it possessed "unreasonably dangerous" characteristics.

32.

Specifically, the drug, Enbrel®, is "unreasonably dangerous" in composition and construction, as provided by La. R.S. 9:2800.55, because at the time it left the Defendants' control it deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer

33.

Specifically, the drug, Enbrel®, is "unreasonably dangerous" in design, as provided by La. R.S. 9:2800.56, because at the time it left the Defendants' control there existed an alternative design for the drug, Enbrel®, that was capable of preventing the Complainants' damages, and the likelihood the Enbrel's® design would cause the Complainants' damages and gravity of that damage outweighed the burden on the Defendants of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the drug, Enbrel®.

34.

Specifically, the drug, Enbrel®, is "unreasonably dangerous", as provided by La. R.S. 9:2800.57, because at the time it left the Defendants' control the drug, Enbrel®, possessed characteristics that could cause damage and the Defendants failed to use reasonable care to provide an adequate warning of these characteristics and the potential danger to users and handlers.

35.

Specifically, the drug, Enbrel®, is "unreasonably dangerous", as provided by La. R.S. 9:2800.58, because it did not conform to an express warranty made by the Defendants. Said express warranty induced Michael A. Diamond and/or his treating healthcare providers to use the drug, Enbrel®, and Complainants' damages were proximately caused because the express warranty was untrue.

36.

Under Louisiana's redhibition law, La. Civ. Code arts. 2520 et seq., Defendants are liable unto Complainants because at the time of delivery the drug, Enbrel®, contained a vice or defect which rendered it absolutely useless and/or its use was so inconvenient that the decedent, Michael A. Diamond, and/or his healthcare providers would not have bought and used the drug, Enbrel®, had they known of the defect or vice.

37.

Plaintiffs, as the beneficiaries of the actions of their father, Michael A. Diamond, assert a survival action for all damages sustained by the decedent, Michael A. Diamond, and caused by the negligence of the Defendants and/or by the use of the defective product, Enbrel®, such damages including but not limited to pain, suffering, and mental anguish sustained by the decedent, Michael A. Diamond, from the time he used Enbrel®, until his death, and for medical expenses sustained on behalf of Michael A. Diamond as a result of the defective product, Enbrel®,. All damages are to be awarded in such amounts as are reasonable in the premises.

38.

As a result of the death of Michael A. Diamond, Plaintiffs, Michael T. Diamond, Brian Diamond and Brad Diamond, also assert a wrongful death action for the loss of life, love, affection, companionship, mental anguish, suffering, grief and shock. All damages are to be awarded in such amounts as are reasonable in the premises.

39.

Except as substituted and amended herein, Complainants' original Petition for Damages remains unchanged.

WHEREFORE, Complainants, Michael T. Diamond, Brian Diamond and Brad Diamond, pray for judgment against Defendants, Immunex Corporation, Amgen, Inc., Wyeth, Wyeth-Ayerst Laboratories Co., and/or American Home Products Subsidiary Holding Corporation, jointly and in solido, in the full sum of Complainants' damages in such amounts as are reasonable in the premises, together with judicial interest, reasonable attorney's fees and all costs of court.

RESPECTFULLY SUBMITTED:

BY: _____
CARY B. BRYSON, LSBA #20731
BRYSON LAW FIRM, L.L.C.
217 West University Avenue
Lafayette, Louisiana 70506
(337) 233-4210    FAX: (337)233-4213
Counsel for Complainants, Michael T. Diamond, Brian Diamond and Brad Diamond, Individually and on Behalf of Michael A. Diamond, Deceased

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been mailed, postage prepaid to the following:

G. William Jarman
Glenn M. Farnet
Jeffrey N. Boudreaux
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
One American Place, 22nd Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825

Henri Wolbrette III
Kathleen A. Manning
Ann De Groff Levine
McGLINCHEY STAFFORD, P.L.L.C.
643 Magazine St.
New Orleans, Louisiana 70130

Lafayette, Louisiana this _____7_____ day of May, 2003.

CARY B. BRYSON